**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Jacob Matthew Medina,<br><br>           Defendant. | No. CR-19-00329-001-PHX-DLR<br><br>**ORDER** |

    At issue are Petitioner's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) Compassionate Release by Pro Se Prisoner filed on September 16, 2024 (Doc. 184), and a corresponding addendum (Doc. 185). The Court will consider these as two separate motions stating different and separate grounds for relief. Petitioner's motion as Doc. 184 will be referred to as Petitioner's First Motion, and the addendum filed at Doc. 185 will be referred to as Petitioner's Second Motion. The First Motion is fully briefed and will be denied as moot. The Government has not responded to the Second Motion, but Petitioner has not shown that he has exhausted his administrative remedies before filing the Second Motion, as more fully explained below, and therefore it too is denied.

    A district court may consider a request for compassionate release only after the petitioner makes an administrative request for the Bureau of Prisons ("BOP") to bring a motion for reduction of sentence on his behalf and waits 30 days for a response before filing his motion. That is known as "exhausting administrative remedies." *See* 18 U.S.C. §

3582(c)(1)(A).

Petitioner exhausted his administrative remedies concerning the claims made in his First Motion by requesting the BOP to bring a motion for reduction of sentence due to his father's illness (stage four brain cancer). On December 22, 2023, the BOP denied Petitioner's request for a reduction of sentence, thus satisfying the administrative review requirement. However, Petitioner indicates in his Reply (Doc. 192) that his father passed away on October 1, 2024. His father's passing moots the basis of his First Motion. Nonetheless in his Reply Petitioner argues that he should be released early based on arguments different from those made in his First Motion. He argues in his Reply that his and his family's loss, including the hardship and the grieving of his father's death, is an extraordinary and compelling reason for his immediate release. Because Petitioner did not make those allegations is his motion to the BOP, he has not exhausted his administrative remedies as to them. The allegations Petitioner makes in his Reply, which were not made in his motion, fail to satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A).

In his Second Motion, Petitioner alleges matters entirely different and separate from the allegations of his First Motion. Petitioner has offered nothing in his Second Motion to show that he has exhausted his administrative remedies regarding that motion. Therefore, the allegations Petitioner makes in his Second Motion fail to satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A).

**IT IS ORDERED** that Petitioner's First Motion (Doc. 184) and Second Motion (Doc. 185) are **DENIED**.

Dated this 10th day of February, 2025.

Douglas L. Rayes
Senior United States District Judge